UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FOSSIL GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-05933-YGR (KAW)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR A DEBTOR'S EXAMINATION**<br><br>Re: Dkt. Nos. 110, 111, 117, 118 |

On October 17, 2018, Defendants Fossil Group, Inc. and Misfit Inc. filed an ex parte application requesting an order that Plaintiff Cellspin Soft, Inc. appear for a debtor's examination. (Defs.' Mot. for Debtor's Exam, Dkt. No. 110; Dkt. No. 111). Defendants were previously awarded $100,000 in attorney's fees, and have since obtained a writ of execution. (Dkt. Nos. 101, 108.) The case was then referred to the undersigned for post-judgment/collections actions. (Dkt. No. 114.) On October 31, 2018, Plaintiff filed an opposition. (Plf.'s Opp'n, Dkt. No. 115.) On November 7, 2018, Defendants filed their reply. (Defs.' Reply, Dkt. No. 116.) On November 20, 2018, Defendants filed the same ex parte application requesting a debtor's exam, but for February 21, 2019. (Dkt. Nos. 117, 118.)

Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor "may obtain discovery from any person -- including the judgment debtor -- as provided in these rules or by the procedure of the state where the court is located." Under California law, a "judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court . . . at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment." Cal. Code of Civ. P. § 708.110(a); *see also Hooser v. Superior Ct. of San Diego Cty.*, 84 Cal. App. 4th 997, 1002 (2000) ("Pursuant to the statutory procedure, the judgment

creditor may obtain an order requiring the judgment debtor to appear before the court, or a court-appointed referee, to furnish information that will aid in the enforcement of the money judgment"), *disapproved on other grounds by Williams v. Superior Court*, 3 Cal. 5th 531, 557 (2017).

In opposing the request for a debtor's examination, Plaintiff does not dispute that there is a valid judgment. Instead, Plaintiff first argues that Defendants served interrogatories that went "beyond requests for information relating to the existence of transfer of Cellspin's assets or relating to property Cellspin has, or may acquire in the future, that may be available to satisfy Defendants' judgments." (Plf.'s Opp'n at 9.) Specifically, Plaintiff takes issue with the interrogatories' definition of "You" and "Your," which was defined to include Plaintiff and Plaintiff's agents, representatives, attorneys, or anyone authorized or purportedly authorized to act on Plaintiff's behalf, as well as owners, managers, members, partners, limited partners, or parent entities. (*Id.*; *see also id.*, Exh. 1 at 2.) Defendants respond that information about Plaintiff's managers or principals is necessary because there may be a basis to obtain judgments against the individuals, arguing that "the corporate form cannot be used as a shield to insulate owners against liability for their own tortious conduct or tortious conduct they control." (Defs.' Reply at 4.)

The Court agrees that questions about Plaintiff's managers or principles may be relevant to determining what assets are available to pay a judgment. Likewise, information as to corporate structure and formalities are relevant to determining if Plaintiff's managers or principles may be held liable, such as under an alter ego theory. Otherwise, as Defendants point out, if Plaintiff was "[t]o come to court . . . as an undercapitalized entity seeking monetary damages against defendant companies," this would "improperly skew[] the playing field, as only one side of the case bears nearly the entire risk of litigation."[1] (Defs.' Reply at 5.)

The Court does, however, find that questions regarding Plaintiff's attorneys would be overbroad. Defendants provide no explanation for why Plaintiff's attorneys specifically could be held liable for the judgment. Therefore, questions regarding the assets or other personal or

---

[1] Notably, Plaintiff asserts that it has no money to file a supersedeas bond, yet apparently has the assets to afford multiple appeals. (*See* Plf.'s Opp'n at 2.)

2

1  financial information of Plaintiff's attorneys are not appropriate.

2  Second, Plaintiff argues that Defendants' request for an examination is premature because there is an appeal. (Plf.'s Opp'n at 13.) Plaintiff theorizes that Defendants are trying to obtain Plaintiff's patents in order to stop the appeals. (*Id.*) The Court disagrees. Again, Defendants have a valid judgment, and are entitled to a judgment debtor exam to determine what assets are available to pay the judgment. Further, Defendants have not yet sought Plaintiff's patents to satisfy the judgment. Therefore, Plaintiff's concerns about Defendants' alleged motivations for obtaining the patents is premature.

Third, Plaintiff suggests that the Court should stay post-judgment enforcement proceedings during the pendency of the appeals. (Plf.'s Opp'n at 14.) Again, Plaintiff is primarily concerned with the possibility that Defendant may obtain Plaintiff's patents. (*Id.*) As explained above, this is premature, and not a reason to stay post-judgment proceedings. Plaintiff provides no authority that would otherwise suggest a stay is necessary, particularly where Plaintiff has failed to file a supersedeas bond.

Accordingly, the Court **GRANTS** Defendants' ex parte application and **ORDERS** Plaintiff to appear for a debtor's exam before this Court, located at 1301 Clay Street, Oakland, California 94612, on **February 21, 2019** at **1:30 p.m.** During this debtor's examination, Defendants may not ask questions about the personal assets or financial information of Plaintiff's counsel.

IT IS SO ORDERED.

Dated: November 21, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge